### Douglas v. Hamilton.

Opinion delivered June 14, 1909.

1. CERTIORARI—NOT SUBSTITUTE FOR APPEAL.—The writ of certiorari cannot be used as a substitute for an appeal or writ of error for the correction of errors or irregularities of proceedings of inferior courts, as where the trial court is alleged to have erred in deciding that a majority of the adult inhabitants within a radius named petitioned for an order prohibiting the sale of liquors. (Page 64.)

2. SAME—Since a proceeding to put in force the three-mile prohibitory law within a certain radius is *ex parte* in its nature until some one appears to oppose the prayer, a person interested who failed to appear and ask to be made a party cannot ask for certiorari to review such proceeding because he received no notice of the proceeding in the county court, and therefore had no opportunity to appeal therefrom. (Page 64.)

Appeal from Cross Circuit Court; *Frank Smith,* Judge; affirmed.

*Benjamin Harris,* for appellant.

1. The petition is analogous to an election. 51 Ark. 159. Appellant could not appeal; he was not a party in the county court. Hence certiorari was his only remedy. 61 Ark. 605.

2. The order of the county court was void because the petition did not contain a majority of the adult inhabitants. 56 Ark. 112; 70 *Id.* 449.

3. The statute is the operative force that prohibits; the court is only the agency that puts the statute in operation. 46 Ark. 383; 56 *Id.* 112; 135 U. S. 467.

McCULLOCH, C. J. On the petition of Hamilton and others, the county court of Cross County, at the April term, 1908, made an order in conformity with the statute in such cases prohibiting

the sale or giving away of intoxicants, etc., within three miles of a certain school house in the town of Wynne. No one appeared to oppose the making of the order. It was not entered of record by the clerk during that term, but at the next term of the court it was duly entered by *nunc pro tunc* order.

The order is regular in form, and recites the finding by the court to the effect that the petitioners constituted a majority of the adult inhabitants residing within three miles of said school house. Thereafter appellant, Douglas, and another person filed in the circuit court of Cross County their joint petition for a writ of certiorari to review and quash said prohibition order, on the alleged ground that their names appeared on the petition without authority from them; that the names of several persons appeared on the petition more than once; that the petition did not contain a majority of the adult inhabitants residing within the radius named, and that for those reasons the county court was without jurisdiction to make the order. The circuit court denied the prayer of the petition, and an appeal was taken to this court.

The judgment and order of the county court is valid on its face, and recites the necessary jurisdictional facts. If all the allegations of appellant's petition be taken as true, they only show that the county court made an error in deciding that the majority of the adult inhabitants within the radius named had petitioned for the prohibition order. The writ of certiorari cannot be used as a substitute for an appeal or writ of error for the mere correction of errors or irregularities of proceedings in inferior courts. *Merchants & Planters Bank* v. *Fitzgerald,* 61 Ark. 605, and authorities therein cited.

Appellant insists that, as he received no notice of the proceedings in the county court, and had no opportunity to appeal from the order, he is without a remedy unless one is afforded by the writ of certiorari. The statute does not require any notice of such proceedings to be given. The petitioners for prohibition proceed *ex parte* until some one appears to oppose the prayer, and then the proceeding is converted to some extent into an adversary one, and the parties thereto on either side aggrieved by the judgment and order of the court may appeal. The proceeding is conducted as a police regulation, and is in the nature of an election

by the adult inhabitants residing within the stated territory, the county .court being the canvasser of the returns; and the sole question before the court is to determine whether or not the petition contains a majority of such adult inhabitants. *McCullough* v. *Blackwell,* 51 Ark. 159; *Wilson* v. *Thompson,* 56 Ark. 110; *Williams* v. *Citizens,* 40 Ark. 290.

No person has the right to contest the prayer of the petition or to appeal from the order except by being made a party to the proceeding. He cannot under other circumstances appeal from the order nor otherwise question its validity when the proceedings are regular and show the jurisdiction of the court.

Affirmed.