KENYON, EXECUTOR, *v.* GREGORY.

Opinion delivered February 26, 1917.

1. ADMINISTRATION—ATTORNEY'S FEES.—Under Act 118, pages 511, 512, Acts 1913, attorneys' fees for services rendered in the administration of estates, are placed in the same category as necessary expenses incurred in the course of administration of executors or administrators, and the probate court has jurisdiction over the matter.

2. ADMINISTRATION—ATTORNEY'S FEES.—An attorney's fee like other expenses of administration, should take its place in the account current, when allowed by the court.

3. ADMINISTRATION—ATTORNEY'S FEES.—When an administrator or executor fails to file an account, he should be cited and required to file one; an attorney for the executor should present his claim for legal services at such time or place, so that any party interested in the estate may have an opportunity to file exceptions to the account or claim.

4. CERTIORARI—CAN NOT TAKE THE PLACE OF APPEAL.—The writ of certiorari can not be used as a substitute remedy for appeal, unless the judgment sought to be cancelled is void on its face, or the right of appeal has been lost without fault on the part of the defendant, the writ of certiorari can not be invoked.

5. CERTIORARI—ALLOWANCE.—Certiorari is not a writ of right, and its allowance rests in the sound discretion of the court.

6. CERTIORARI—DISALLOWED WHEN.—When a judgment is valid on its face, and the remedy by appeal is adequate, it is no abuse of its discretion for the circuit court to refuse to grant a writ of certiorari.

Appeal from Prairie Circuit Court, Southern District; *Thos. C. Trimble,* Judge; affirmed.

*C. B. & Cooper Thweatt,* for appellant.

1. The judgment of the probate court is void for want of jurisdiction of the subject matter. The attorney should have sued for his fee and reduced his claim to judgment. 61 Ark. 410; 62 *Id.* 226.

2. Act 118, Acts 1913, gives an administrator the right to employ an attorney and leaves the amount of the allowance to be fixed by the probate court, *to be taxed and allowed as expenses,* indicating no intention to change the law, but leaving it as before that the allowance should be *to* the administrator *for* fees paid by him to the attorney.

Expenses of administration are allowed the administrator and the method is pointed out in Kirby's

Digest, § § 133, 139, 140-1-3; hence it was not the intention to make the allowance of attorney's fees an *ex parte* matter, to be decided without notice, or hearing. The only remedy is by suit against the administrator personally. 2 Enc. Law, 934; 17 Ark. 572.

Under Act 118, it is not necessary to get authority from the court to employ an attorney and the provision "to be taxed and allowed as expenses" is practically the same as similar provision under the statute, prior to the act.

3. The judgment is void for want of jurisdiction of the person. No notice or process was served and Kenyon had no actual notice. The judgment being void, certiorari was the proper remedy:

*Blackwood & Newman*, for appellee.

1. Appellant's remedy was by appeal and not by certiorari. He had notice in time to appeal. 89 Ark. 604; 37 *Id.* 318; 73 *Id.* 604; 101 *Id.* 522; 91 *Id.* 63.

2. The probate court had jurisdiction of the subject-matter. Act 118, Acts 1913, pp. 511, 512. The act expressly repealed Kirby's Digest, § § 221-2-3. The allowance was a judgment, and appeal was the remedy. 102 Ark. 114; 55 *Id.* 200, 208; 40 *Id.* 175. The allowance was for expenses of administration. 31 Ark. 647; 43 *Id.* 171.

3. The act of 1913 changed the law and method of procedure. 65 Ark. 443; 101 Pac. 448, 450; 39 S. W. 251; 25 L. R. A. (N. S.) 75, note.

4. The probate court had jurisdiction of the person. By appealing the administrator entered his appearance. 62 Ark. 144; 53 *Id.* 181. No presentation to the administrator was necessary. 40 Ark. 175.

5. The demurrer was properly sustained. 69 Ark. 518. No defense to the claim is set up.

HUMPHREYS, J. On the 1st day of November, 1915, W. H. Gregory, appellee, filed an application for the allowance of an attorney's fee against Ralph W. Kenyon, executor of the estate of J. M. Kenyon, deceased, in the probate court for the Southern District

of Prairie County, Arkansas. He alleged in his petition that Mrs. J. M. Kenyon was first appointed administratrix of said estate and later Ralph W. Kenyon was appointed executor of the last will and testament of J. M. Kenyon; that he represented them by employment in winding up the affairs of said estate. No notice was given of the filing of this petition to either Mrs. J. M. Kenyon, as administratrix, nor to Ralph W. Kenyon, as executor, and, on the same day, without their knowledge, a judgment was rendered in said court for the sum of $1,000 against the estate of J. M. Kenyon, deceased; and Ralph W. Kenyon, as executor of the last will and testament of J. M. Kenyon, deceased, was ordered to pay the appellee, W. H. Gregory, $1,000 out of said estate; and a lien was declared in favor of appellee upon all personal and real property of the estate of J. M. Kenyon, deceased, on the personal and real property of the estate of Mrs. J. M. Kenyon, administratrix, and upon all the personal and real property of the estate of Ralph W. Kenyon, executor of said estate.

On the 12th day of November, 1915, the appellant filed a petition in the Prairie Circuit Court, Southern District, against the appellee asking that a writ of certiorari issue to bring up the original petition and papers, judgment and decree aforesaid, and that said judgment and decree be quashed, set aside and held for naught. Appellant alleged in substance; that the probate court had no jurisdiction to enter the judgment allowing appellee an attorney's fee of $1,000 against the estate of J. M. Kenyon, deceased; nor to declare a lien for said amount on said estate.

To this petition the appellee filed the following demurrer, omitting the caption and signature: "First, that the complaint does not state facts sufficient to constitute a cause of action. Second, that the court has no jurisdiction of the subject-matter of this action."

The circuit court sustained the demurrer to the petition for a writ of certiorari, and this cause is here on appeal.

(1)   Appellant contends that the judgment rendered in the probate court in favor of W. H. Gregory for a fee is void, for the reason that the probate court had no jurisdiction of the subject-matter or service on the appellant before obtaining the judgment. Prior to the passage of Act 118, Acts of 1913, pages 511-512, it was necessary, unless the administrator would allow the fee and obtain credit in his annual account current, for an attorney to procure a judgment therefor in an adversary suit in another forum; then present his claim in judgment form to the administrator or probate court for allowance. The purpose of the act was to prevent this circuitous route in the collection of attorney's fees for services rendered executors or administrators in winding up estates. Since the passage of this act, attorneys' fees for services, rendered in the administration of estates, are placed in the same category as necessary expenses incurred in the course of administration of executors or administrators. It follows that the probate court had jurisdiction over the subject matter involved in this suit.

The next inquiry is: What is the method by which an attorney may obtain an allowance for his services to an estate in the probate court having jurisdiction of the matter? The statute plainly states it shall be *taxed* and *allowed* as *expenses*. Executors and administrators are required to file annual accounts current in which they are permitted to take credit for all sums lawfully expended in settling the estates. Kirby's Digest, § 133.

(2-3)   An attorney's fee, like other expenses of administration, should take its place in the account current, when allowed by the court. In case the administrator or executor fails to file an account, he should be cited and required to file one. The attorney should present his claim for legal services at such time and place so that the executor, administrator, heir, legatee or other parties interested in the estate might have an opportunity to file exceptions to the account or claim. There is nothing in Act 118, Acts 1913, authorizing an

attorney to procure an allowance for an attorney's fee on an *ex parte* showing. The statute provides for the probate court to allow a reasonable fee. The allowance of the fee and the amount thereof are matters of grave importance to parties interested in the estate and they should have the privilege of presenting exceptions to the allowance. *Burke* v. *Coolidge et al., Excrs.,* 35 Ark. 180.

In the instant case, the application for an attorney's fee of $1,000 was presented and allowed on the same day, without notice or knowledge of the executor or parties in interest. The allegations of the petition are to the effect that the services rendered were of little value, so the necessity of notice and hearing are quite apparent.

(4) The appellant in this cause discovered that the judgment had been rendered in the probate court in favor of appellee for legal services within a few days after the rendition thereof, and within ample time to have appealed the case to the circuit court. The judgment in question was not void on its face. Unless the judgment sought to be cancelled is void on its face, or the right of appeal has been lost without fault on the part of the defendant, the writ of certiorari can not be invoked. The writ of certiorari can not be used as a substitute remedy for appeal. *Merchants & Planters Bank* v. *Fitzgerald,* 61 Ark. 605; *Reese* v. *Cannon,* 73 Ark. 604; *Douglas* v. *Hamilton,* 91 Ark. 63; *Leonard* v. *Leonard,* 101 Ark. 522.

(5) This court has often said that the granting of the writ is a matter within the sound discretion of the court. In the case of *Johnson* v. *West,* 89 Ark. 604; Mr. Justice Battle, in rendering the opinion in that case, said: "The writ of certiorari is not a writ of right, and its allowance rests in the sound discretion of the court." In the instant case, it was not necessary to resort to this extraordinary remedy. The pleadings disclose the fact that the time for appeal had not expired when appellant discovered that the judgment for a fee in favor of appellee had been rendered in the probate court.

(6)   The judgment being valid on its face, and the remedy by appeal adequate at the time the application for this writ was made, we can not say the circuit court abused its discretion in refusing to grant the writ.   The judgment is affirmed.