## HOLLAND *v.* DOKE.

### Opinion delivered July 1, 1918.

1.  EXECUTORS AND ADMINISTRATORS—SETTLEMENT—ALLOWANCE FOR UNCOLLECTIBLE CLAIMS.—Under Kirby's Dig., § § 133, 134, providing that, on the examination of each account current of an administrator or executor, the probate court "shall allow such executor or administrator for all debts with which he stands charged which such court shall be satisfied could not be collected," the fact that an account current is approved without allowing a credit for uncollected items does not constitute a final adjudication that such items are collectible nor preclude an order allowing credit therefor upon the examination of a subsequent account current when it is found that such items are uncollectible.

2.  SAME—SETTLEMENT—ALLOWANCE FOR INSURANCE PREMIUMS PAID.—In settlement of an administrator's account current, it was not error to allow the administrator credit for five insurance premiums paid in good faith in order to protect the property of the estate from injury or loss, even though the policy was taken in the name of the administrator as such and provided for a forfeiture if the interest of the insured "be other than unconditional and sole ownership."

3.  SAME—SETTLEMENT—EXPENSES.—It was not error to allow an administrator for necessary travelling and other expenses incurred by him in attending to the business of the estate.

4.  SAME—SETTLEMENT—EXPENSES.—It was not error for the probate court to direct an administrator to complete a building left unfinished by decedent at his death, and to pay certain claims therefor if found to be just claims for expenses of administration.

5.  SAME—SETTLEMENT — CLAIMS FOR EXPENSES — LIMITATION.—The statute of nonclaims, as well as the general statute of limitations, has no application to claims for expenses of administration where the administration is still pending.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*Ira D. Oglesby,* for appellants.

1. It was error to allow credit for the Strode debt. It was charged to the administration in a former account which was approved, and that is an adjudication of his liability.

2. It was error to allow credit for the insurance premiums paid on the policy, as the policy was void.

3.   It was error to allow the credit for traveling expenses, in addition to commissions and expenses of administration.

4.   The court erred in adjudicating the liability of the estate for the cost of completing the hotel building.

5.   The claims are barred by non-claim and limitation.   114 Ark. 1; 123 *Id.* 211, 218, 225.

The personal estate was sufficient to pay the debts of the estate.   The findings of the court are against the law and evidence.   The court erred in allowing cost of the credits objected to.

*L. H. McGill* and *F. G. Lindsey,* for appellee.

1.   The traveling expenses incurred by the administrator were properly allowed.   8 Ark. 241, 258; 14 *Id.* 76; 30 *Id.* 312; *Ib.* 520; 34 *Id.* 204; 51 *Id.* 415.

2.   The insurance premiums were properly allowed. The policy was valid and binding.   52 Ark. 11; 62 *Id.* 204; 100 *Id.* 9; 128 *Id.* 92; 19 Cyc. 812, 814; 19 *Id.* 566-7-8; *Ib.* 583-4-5, and note 11.

3.   The Strode note was uncollectible and credit was properly allowed.     Kirby's Digest, § 134.

4.   The order directing the administrator to complete the hotel was properly made and was *res adjudicata.* 123 Ark. 211; 91 *Id.* 394; 168 U. S. 1; 23 Cyc. 1302-9; 83 Ark. 545; 98 *Id.* 274; 198 *Id.* 574, 578; 120 Ark. 216, etc.; 23 Cyc. 1291.

5.   All the credits were properly allowed.   None were barred.   114 Ark. 1; 123 *Id.* 224-5.

McCULLOCH, C. J.   This is an appeal from a judgment of the circuit court of Benton County on appeal from the probate court approving the third annual account current of appellee as administrator of the estate of R. D. Massey, deceased.   Appellants are heirs and distributees of the estate of said decedent, and filed exceptions to the account current of the administrator in the probate court, which exceptions were overruled by that court, and an appeal was duly prosecuted to the circuit court.   There were exceptions to numerous items

in the account not pressed here on appeal, and we will only notice those exceptions which are presented in the argument, treating all others as having been abandoned.

The first item discussed here by counsel for appellant concerning which it is alleged the court erred is the credit taken by the administrator in the sum of $208.50 for an uncollected debt due the estate by one Strode. The basis of the argument of counsel in alleging error on the part of the court is that this claim against Strode was charged to the administrator in a former account which was approved, and that the former order of the court approving the account constituted an adjudication of the liability of the administrator for this item. The claim against Strode was included in the adminstrator's inventory, and he charged himself with the amount in a former settlement which was approved, but there was no specific order of the probate court adjudging the liability of the administrator for this item further than an order approving the settlement account which included a charge against the administrator of all uncollected claims.

The statute provides that at the first term of the court, after one year from the date of letters of administration, or letters testamentary, "and at the corresponding term of said court every year thereafter until the administration be completed," every executor or administrator shall present to the court "a fair written statement or account current, in which he shall charge himself with the whole amount of the estate according to the sales-bill and appraisement, including all debts due on the estate and money on hand at the death of the deceased," and that on examination of such account "the court shall allow such executor or administrator for all debts with which he stands charged which such court shall be satisfied could not be collected." Kirby's Digest, secs. 133, 134.

The practice prescribed in the statute is for an executor or administrator to charge himself in each settlement with the full amount of uncollected claims against debtors of the decedent and that the court may from time

to time allow credit when it is found that such claims can not be collected. It is not essential that the court shall make a specific finding in each settlement account as to such items of credit, and the fact that credit is not given in the first account current for an uncollected claim against a debtor does not preclude an order allowing such credit upon the examination of a subsequent account current when it is found that the claim is uncollectible. In other words, such charges in the account current of an administrator or executor may be passed along from one account to another until on final adjudication it is found that the claim is uncollectible and the fact that an account current is approved without allowing a credit for uncollected items does not constitute a final adjudication as to the administrator's liability for the amount of the item.

It is not contended that there was any error in the court's finding of the fact that the account against Strode was uncollectible and should not be credited in the administrator's account unless the order of the court on former settlement constituted an adjudication of the question.

It is next contended that the court erred in allowing the administrator a credit for an amount paid out for insurance premium on the hotel building owned by the decedent. The court found that the building was in the hands of the administrator for the payment of debts and that the administrator had the building insured and paid the premium. It is shown that the building was insured in the name of "W. J. Doke, Administrator of the estate of R. D. Massey," and the contention is that the policy was void because of a clause therein declaring a forfeiture if the interest of the insured "be other than unconditional and sole ownership" and that the administrator should not be allowed credit for premiums paid on void policies. There is no question involved in this case as to the liability of the insurance company under a loss, and it is not shown that the company would have been in an attitude to dispute liability in case of loss by fire, the policy having been written in the name of the administrator,

which was of itself sufficient to put the company on notice that the insured only had a qualified interest. That, however, is a matter entirely collateral to the present issue, and it can not be said that the court erred in allowing the administrator credit for insurance premiums paid in good faith in order to protect the property of the estate from injury or loss.

Error is assigned in allowing the administrator a credit of $114 for traveling expenses in addition to commissions and certain other expenses of administration. We find no statutory limitation upon the authority of the probate court in allowing items of expense of administration, and it appears that this item was to cover necessary expenses incurred by the administrator in attending to the business of the estate and for the benefit of the estate, and it was not error for the court to allow it.

Again it is claimed that the court erred in adjudicating the liability of the estate for certain claims aggregating the total sum of $4,699.84, and directing the administrator to pay them. These claims were for the cost of completing a hotel building, the erection of which had been commenced by decedent and left unfinished at the time of his death. It is said in the first place that it was improper for the court to adjudicate this liability in advance, but we think it was not improper for the administrator to ask and for the court to give direction in advance concerning the payment of these claims if found to be just claims for expenses of administration. It is unnecessary to decide now the extent to which such approval and directions constituted an adjudication of the correctness of the claim so far as concerns the amount. That question will arise on any subsequent account current in which the administrator claims credit. There is no error shown in the court's order giving the direction, for the items were for cost and expenses incurred in completing the hotel building under order of the probate court, which has by this court been adjudged to be a valid order of the probate court, and that decision constitutes a final adjudication of the question as between the administrator and the dis-

tributees of the estate. *Massey* v. *Doke,* 123 Ark. 211. The present order constituted no more nor less than a renewal of the directions of the probate court to pay the cost of complying with the former order. Of course, the question will be open in any subsequent settlement accounts as to the correctness of the amount of the claim.

It is finally urged that these claims are barred by the statute of non-claims and the statute of limitations because they have not heretofore been presented to the administrator. Neither of the statutes referred to apply where the administration is still pending and the claims are for expenses of administration.

There is no error found in the judgment of the court, and the same is, therefore, affirmed.