TRIPLETT *v.* CHIPMAN.

Opinion delivered April 3, 1922.

1. EXECUTORS AND ADMINISTRATORS—COMPENSATION OF ADMINISTRATOR.—It was within the discretion of the probate court to allow the maximum compensation under Crawford & Moses' Dig., § 183, for services as administrator, and such discretion will not be controlled unless abused.

2. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF ATTORNEY'S FEE.—An allowance of $300 to an administrator for attorney's services in defending through the courts a claim on a note for $1,446.21, on the ground that it had been paid, *held* an abuse of discretion where no intricate questions of law were involved; $150 being ample compensation.

3. EXECUTORS AND ADMINISTRATORS—LIABILITY FOR INTEREST.—An administrator is not personally chargeable with interest on funds in his hands as such.

Appeal form Union Circuit Court; *C. W. Smith,* Judge; affirmed with modification.

*Caldwell & Triplett,* for appellant.

Appellee had no meritorious defense to this suit, but by his unnecessary delays and appeals has succeeded in piling up court costs, attorney's fees, and in procuring for himself a larger allowance than was necessary, all of which the court should disallow. 84 N. Y. Supp. 46; 41 Misc. Rep. 278; 182 N. W. 32, 87 Neb. 700; 31 L. R. A. (N. S.) 350. See also 67 Ark. 340; 53 Ark. 224; 66 Ark. 7; 96 Me. 380.

Where an administrator improperly keeps administration open, subsequent costs and commissions should be charged to him personally and not to the estate, but we only ask that the costs of the appeal to this court be charged against him. The allowance of attorney's fees was excessive, neither do we think that the highest amount allowable under statute should have been given appellee, because of his conduct in prolonging the litigation and having to be twice cited to file a settlement.

*Flenniken, Sellers & Cohn,* for appellee.

The allowance of commission to appellee was according to law, and a matter within the discretion of the probate court, which will not now be disturbed. 14 Ark. 76; 30 Ark. 520; 74 Ark. 168; § 134, Kirby's Digest.

Appellee was not properly chargeable with interest on the funds in his hands.

The allowance of attorney's fees was just and fair and properly made. Acts 1921, act 118; 30 Ark. 312; 18 Cyc. 444; 67 Ark. 345; 168 U. S. 311; 141 U. S. 411.

WOOD, J. In 1914 J. J. W. Smith, who resided in Little Rock, Arkansas, died while on a visit to Texas. He died intestate. His estate consisted of three life insurance policies of $1,000 each and a small deposit of money in the Cotton Belt Savings & Trust Company at Pine Bluff. T. N. Chipman was appointed administrator of his estate on December 14, 1914. He immediately

employed Aylmer Flenniken, an attorney at El Dorado, to represent him. Smith had borrowed money on the life insurance policies, so that when these amounts were taken out of the policies the entire assets of the estate amounted to the sum of $2,435.65, as shown in the first annual settlement of the administrator. Aylmer Flenniken assisted the administrator in collecting the balance due on the insurance policies. There was no litigation over these policies. The work of the attorney consisted in making proofs of death, which was done by correspondence with the doctors and undertakers at the place near the Mexican border where Smith died, and through one Thompson, who saw the undertakers and doctors and got the proofs of death. The attorney did not pay Thompson anything for his services in this matter. He did not have to make any trips to Texas. He was allowed the sum of $150 for his services.

On the 28th of October, 1915, Alex Perdue presented a claim against the estate for the sum of $1,446.21, evidenced by Smith's promissory note for that amount. The administrator, acting upon the advice of his attorney, refused to allow the claim. The claim was presented to the probate court and the probate court allowed the same, and the administrator, acting upon the advice of his attorney, appealed to the circuit court. On the 21st of November, 1917, the circuit court affirmed the judgment of the probate court allowing the claim, with interest from the date of the judgment, and the administrator, upon the advice of his attorney, appealed to the Supreme Court. The Supreme Court affirmed the judgment of the circuit court holding that the allowance should be made. The mandate of the Supreme Court was filed in the circuit court by the attorneys of Perdue on the 19th of April, 1919. In the second annual settlement the administrator showed that he had allowed the claim of Perdue with interest thereon from November 21, 1917, which amounted to the sum of $1,687.21. In this settlement the administrator showed that he had allowed himself the sum of $171.75 as commission for his services

and had allowed his attorney the sum of $300, and that he had allowed other sums in the way of court costs and expenses incident to the resistance of the claim of Perdue in the aggregate sum of $90.20. Exceptions were duly filed by Perdue's attorneys to this account of the administrator, which were overruled and the settlement approved. On appeal to the circuit court, upon a trial of the exceptions to the settlement as above indicated, the circuit court found that the administrator had expended the sum of $71.95 in court costs in the circuit and Supreme Courts in resisting the Perdue claim, and also the sum of $300 for attorney's fee; that the administrator was allowed commission for his services in the sum of $171.75. The court found that interest should be allowed on the note of Perdue from October 28, 1915, the date of its presentation to the administrator, and that the administrator should be charged with the interest on the funds in his hands from January 1, 1917, to October 15, 1920, in the sum of $466.95, and that he should be charged with the balance of funds in his hands as administrator in the sum of $1,925.90 instead of $1,458.95 as stated in his settlement and approved by the probate court. The court entered a judgment according to its findings, from which judgment is this appeal.

The statute allows the administrator as compensation for his services an amount not exceeding ten per centum on all sums less than $1,000, and on all sums over $1,000 and less than $5,000 five per centum. C. & M. Digest, § 183. The appellee was allowed the maximum amount for his services under the above statute.

It is unnecessary to discuss the facts pertaining to the services of the appellee in connection with the administration of the estate of the decedent, Smith. We cannot say there was an abuse of the discretion on the part of the probate court and of the trial court in allowing the appellee the maximum sum specified by the statute. It was within the sound discretion of the probate court to allow the maximum or a lesser amount, which discre-

tion will not be controlled unless abused. *Ex parte Bell,* 14 Ark. 76; *Reynolds* v. *Canal & Banking Co.,* 30 Ark. 520.

It could serve no useful purpose likewise to discuss the facts in connection with the litigation over the claim of Perdue. We do not find anything in the testimony to justify the conclusion that the administrator was not acting in good faith in resisting the payment of this claim. He followed the advice of his attorney, and there is nothing to warrant the inference that the attorney was actuated by any other than a *bona fide* purpose to protect the estate against a claim which he and the administrator believed had been paid. So believing, they could not have discharged their duty to the estate without resisting the payment of this claim until the matter had been finally adjudicated by the courts and determined to be a just demand. In this connection, however, we are constrained to hold that the probate court and the trial court abused their discretion in allowing the administrator the sum of $300, the amount paid by him for the services of an attorney. The sum allowed the attorney in connection with the litigation over the claim of Perdue was a little over 20 per cent. of the entire amount of that claim. The character of the litigation, with which the judges of this court are familiar, was not such as to justify the administrator in paying his attorney the sum of $300 to have the litigation conducted to its final conclusion.

While the issues involved were important, they were not difficult and complicated. Meritorious and efficient as were the services of the attorney, nevertheless, it occurs to us that the sum of $150 was ample compensation for such services. The court abused its discretion and therefore erred in allowing the administrator a greater amount as compensation for the services of his attorney.

In the case of *Bayou Meto Drainage District* v. *Chapline,* 143 Ark. 446-455, we held that the judges of this court should not divorce themselves from their general knowledge, observations and experience of such matters

and renounce entirely their own judgment as to what would be a reasonable compensation for the attorney, after taking into consideration the character of the services rendered, the labor, time and trouble involved, and the nature and importance of the litigation, etc. See other cases there cited.

The claim of Perdue against the estate was for $1,446.21, as evidenced by a promissory note of the decedent, and the defense of the administrator was that the note had been paid. Therefore, there were no delicate and intricate questions of law to be settled, and the issue of fact was exceedingly simple. We are convinced that the probate court and the trial court abused their discretion in sanctioning the payment by the administrator of attorney's fee in an unreasonable amount as compensation for his services.

There was no error in the ruling of the court in refusing to charge appellee personally with interest on the funds in his hands as administrator. The judgment of the circuit court will be modified by reducing the allowance of the administrator for attorney's fee from $300, as allowed in the second annual settlement, to the sum of $150, and, as thus modified, the judgment is affirmed.