RINEHART *v.* WHEELER.

Opinion delivered March 16, 1925.

1.. EXECUTORS AND ADMINISTRATORS—AUTHENTICATION OF DEMAND.—
   A claim for damages against an estate, when presented to the
   administrator for allowance, or when suit is brought thereon,
   must be authenticated as required by the statute (Crawford &
   Moses' Dig., § 101).

2. EXECUTORS AND ADMINISTRATORS—FORM OF AFFIDAVIT.—An affi-
   davit that the facts were true and correct is not a substantial
   compliance with Crawford & Moses' Dig., § 101.

3. EXECUTORS AND ADMINISTRATORS—TIME FOR EXHIBITING AFFIDAVIT.
   —The affidavit authenticating a claim against an estate of a
   decedent, required by Crawford & Moses' Dig., § 101, must be
   exhibited within one year from the appointment of the admin-
   istrator.

Appeal from Jefferson Circuit Court; *T. G. Par-*
*ham,* Judge; affirmed.

*Oscar H. Winn,* for appellant.

*Rowell & Alexander,* for appellee.

HUMPHREYS, J.   This suit was brought on March 15,
1923, by appellants against appellees in the circuit court
of Jefferson County to recover $25,000 in behalf of
Ollie Nelson Rinehart and $15,000 in behalf of Hervey
Bost, a minor, against the estate of Daniel Nelson,
deceased.   Ollie Nelson Rinehart was the daughter and
Hervey Bost the grandson of the deceased.   Daniel
Nelson died on April 1, 1922, owning a large estate.   On
the twelfth day of April, 1922, joint letters of administra-
tion of his estate were issued to C. K. Wheeler and Ollie
Nelson Bost, widow, who, prior to the institution of this
suit, married a man by the name of Rinehart.   It is
stated in the amendment to the complaint that the suit
is for damages growing out of both contract and tort.
The contract seems to have been set out by way of
inducement, the gist of the action being the contraction by
appellants of tuberculosis from the deceased in his life-
time. It was alleged in the complaint that Mrs. Rinehart,
*née* Bost, disposed of her home in Conway County and
moved with her children to her father's plantation in

Jefferson County for the purpose of keeping house for him and assisting in the management of his plantation, with the understanding that he would give her his property at his death; that her father had tuberculosis, but withheld this information from her; that, as he became weaker from the disease in the later years of his life, it became necessary for her and her son Hervey to sleep in the room of her father at nights in order to wait upon him, which resulted in both of them contracting the disease. The prayer in the complaint and amendment thereto was for damages on account of the negligence of the deceased in causing them to contract the disease. There was no prayer in the complaint for a performance of the contract. As we construe it, the action is one for tort.

The administrator, C. K. Wheeler, filed a demurrer to the complaint and also a motion to enter a nonsuit, for the reason that the claims were not authenticated in the manner required by law when presented to the administrators, and when suits were brought thereon. The court heard testimony upon the motion to enter a nonsuit, and sustained it, from which is this appeal.

Appellant first contends for a reversal of the judgment because it was unnecessary to authenticate a claim for damages against an estate when presented to an administrator for allowance, or when suit is brought thereon. Appellant is in error in this contention, for the term "demand," as used in the statute requiring all claims to be authenticated against estates, includes all claims capable of assertion against an estate of a deceased person. *Hayden* v. *Hayden,* 105 Ark. 95; *Davenport* v. *Davenport,* 110 Ark. 222; *Keffer* v. *Stuart,* 127 Ark. 499.

Appellant's next contention for a reversal of the judgment is that the authentication met the requirements of the statute. The form of affidavit used in authenticating the claim was that the facts were true and correct. This did not substantially meet the requirements of § 101 of Crawford & Moses' Digest. That sec-

tion requires that a claimant shall state "that nothing has been paid or delivered toward the satisfaction of the demand except what is credited thereon, and that the same demand, naming it, is justly due. Such affidavit is a prerequisite to the right of action, and must be exhibited within one year from the appointment of the administrator. *Chapman* v. *Railroad Co.*, 97 Ark. 300.

No error appearing, the judgment is affirmed.