SOUTER v. FLY.

Opinion delivered December 1, 1930.

*Hogue & Burney* and *O. D. Longstreth,* for appellant.
*Osborne W. Garvin,* for appellee.

HART, C. J. This appeal is prosecuted to reverse a judgment overruling exceptions to the final account of the administrator with the will annexed of the estate of C. M. Ross, deceased.

It appears from the record that C. I. Farmer, a man with no known relatives, lived at Houston, Texas, where, from light work and soliciting alms, he accumulated about $4,500, which he left on deposit in various banks in that city under different names. Mrs. T. N. Souter, of that city, who was active in welfare work, befriended him in the belief that he was a pauper. In gratitude for the favors conferred, on the first day of June, 1925, C. I. Farmer executed a will in which he left her his entire estate. In 1927, he came to Arkansas and thereafter lived under the name of C. M. Ross. He drew about $2,500 of his money from the Houston banks and invested it in a small homestead of about ten acres about five miles south of the city of Little Rock. He was taken ill and died on the 22d day of April, 1928, at a hospital in the city of Little Rock:

Dr. T. M. Fly was called to attend him in his last illness, and had him removed to the hospital, where he later died. After the death of Ross, Dr. Fly became the administrator of his estate. It was subsequently ascertained

that he had made a will in favor of Mrs. Souter; and, by agreement with her attorneys, the will was probated, and Dr. Fly became administrator with the will annexed of the estate of C. M. Ross. During the course of the administration, E. E. Smith and Syble Smith filed a suit in the chancery court of Pulaski County against the administrator and Mrs. T. N. Souter to recover the estate on the ground that C. M. Ross had made a contract with them to will them his entire estate in consideration of their care and support of him during his lifetime; that they had performed the contract on their part, and that Ross died without making the will in their favor. The administrator, through his attorney, defended the suit; and, after it had been pending for some time, it was dismissed for failure of prosecution. Other facts will be stated under appropriate headings in passing on the exceptions to the account current of the administrator.

The first three exceptions relate to the claims of two trained nurses and of the hospital fees during the last illness of C. M. Ross. We do not think these exceptions are well taken. Mrs. C. A. Routh and Mrs. Beula Justice presented claims for respectively six and eighteen dollars. The claim of each was duly verified by her affidavit in which she stated that nothing had been paid or delivered towards the satisfaction of her demand, and that there was due her the amount claimed. It is contended that these claims should not be allowed because the account does not appear attached to the affidavit. Under the testimony of the administrator, these parties performed, as trained nurses, services which, at the regular charges, amounted to their respective claims; that the administrator examined and allowed each of the claims, and that the account presented to him had somehow become detached from the affidavit. This amounted to a substantial compliance with the statute, and we think the court properly allowed the claims. *Breckenridge* v. *Weber Dry Goods Co.,* 167 Ark. 429, 268 S. W. 593; and *Rinehart* v. *Wheeler,* 168 Ark. 251, 270 S. W. 537.

What we have said applies with respect to the hospital claim. The hospital claim was verified by the superintendent of the hospital, and the items charged were reasonable and according to the usual fees charged for similar services in the hospital. There is nothing whatever to indicate that any overcharges were made. Hence the court properly overruled the exceptions to this item of the account.

The next exception relates to the extra compensation claimed by the administrator in his account current. It appears that, after consultation with the judge of the probate court, Dr. Fly went to Houston, Texas, during the meeting of the Democratic National Convention for the purpose of attending that convention, and also ascertaining whether or not there was any additional money belonging to the estate of C. M. Ross in any of the banks in Houston which had not yet been ascertained. The account shows that the sum of $31.40 for traveling expenses and an additional amount of $37.43 for expenses. We think the court should not have allowed both of these sums. It does not make any difference that the administrator elected to go at the time the Democratic National Convention was in session if it was necessary for him to make the trip in the interest of the estate. He evidently made the trip in good faith because he did not do so until after obtaining the sanction of the probate court to do so. The court was justified in allowing him the expenses of the trip, but we are of the opinion that the amount allowed is too much. His railroad fare for the round trip amounted to $31.40, and he could have ascertained whether or not Ross had any money in any of the banks there in one day's time. Therefore we are of the opinion that his claim of $37.43 was sufficient to cover the expenses of the trip. The item was to cover necessary expenses incurred by the administrator in endeavoring to locate additional assets of the estate and was made under the sanction of the probate court. Therefore it was not error for the court to allow it. *Holland* v. *Doke*, 135 Ark. 372, 205 S. W. 648.

The court, however, erred in allowing additional compensation to the administrator. Under our statute, the probate court may, in the exercise of a sound discretion, fix the compensation or the rate of commission allowed an administrator as provided by statute, but it cannot exceed the rates prescribed. Ex parte *Bell*, 14 Ark. 76; *Reynolds* v. *Canal & Banking Co.*, 30 Ark. 520; *Triplett* v. *Chipman*, 153 Ark. 12, 240 S. W. 23; and *Scroggins* v. *Osborn Co.*, 181 Ark. 424, 26 S. W. (2d) 95. The duties performed by the administrator in his trip to Houston were duties ordinarily incident to the administration of an estate, and, under no principle of law, could he be entitled to additional compensation as for unusual or extraordinary services performed by him. Therefore we are of the opinion that the court erred in allowing the additional compensation to the administrator.

The next exception relates to the attorney's fees allowed. The account shows that the attorney for the administrator was first allowed $36.85 for services performed in administering the estate, and no complaint is made as to this item. It is insisted, however, that the court erred in making an additional allowance of $150 to the attorney for defending the suit brought by E. E. and Syble Smith against the administrator to obtain possession of the estate on the ground that C. M. Ross had made an agreement with them to make a will in their favor for their care and support of him during his lifetime, and that he had failed to do so. On this account, $150 was allowed to the attorney. We think under the evidence that this amount was excessive. There was a conflict in the testimony as to the amount which should be allowed, running from $50 to $150. We have examined the record as to the services performed by the attorney, and we think that a compensation of $100 was entirely ample. He took no active part in the prosecution of the case except to argue a demurrer to the complaint which was overruled; and the case was finally dismissed for want of prosecution. The administrator with the will

annexed had the authority to employ an attorney to defend the will, and he is entitled to have an allowance made to his attorney to be paid out of the estate for services in upholding the will. There is nothing whatever in the record to show that he did not in good faith employ the attorney to defend the suit, and we hold that a reasonable fee is a proper charge against the estate. *McIntire* v. *McIntire,* 192 U. S. 116, 21 S. Ct. 196, and numerous other cases cited in the note to 10 A. L. R. at page 784.

The next exception relates to still another allowance to the attorney of the administrator for the sum of $100 to defend the exceptions to the account current. We have examined the record relating to this matter; and, as we have already seen, there was no reasonable excuse for any litigation of an extended character relating to exceptions to the account current. It is well settled in this State that when the account of an administrator is wrongfully assailed in the courts, it is just to allow attorney's fees necessarily incurred in defense thereof, but not for fees paid attorneys in resisting proper charges against himself and one brought to compel him to perform his legal duty when he is in fault. *Jacoway* v. *Hall,* 67 Ark. 340, 55 S. W. 12; and *Triplett* v. *Chipman,* 153 Ark. 12, 240 S. W. 23. We are of the opinion that, in addition to the sum of $36.85, attorney's fees for $100 additional would be ample compensation for all the legal services rendered in the case. We mean this to include the Smith suit as well as the defense to the exceptions to the account current.

Finally, it is insisted that the exceptions to the account current cannot be sustained because the administrator obtained an order of the probate court in advance allowing him additional compensation and attorney's fees. This he could not do. The object of the account current was to settle the account of the administrator, and the probate court could then disallow credits for illegal expenditures, although the administrator had ob-

tained an order of the court in advance for them. *Burke v. Coolidge,* 35 Ark. 180, and *Boyd* v. *Duncan,* 178 Ark. 772, 12 S. W. (2d) 395.

Therefore the judgment will be reversed, and the cause will be remanded to the circuit court with directions to sustain the exceptions to the account of the administrator as indicated in this opinion, and to certify the judgment of the circuit court down to the probate court for its guidance, and for further proceedings according to law. It is so ordered.