PARKER v. BAKER.

4-4974 and 4992 (Consolidated)

Opinion delivered March 7, 1938.

*John M. Parker & Son,* for appellant.
*Hays & Wait,* for appellee.

BAKER, J. Mrs. Laura E. Parker was named administratrix of the estate of Oda Luster. She instituted a suit in the chancery court of Pope county against Mary Burkett, alleging that on July 2, 1931, said Mary Burkett executed and delivered to J. H. A. Baker, as administrator of the estate of Oda Luster, deceased, a certain promissory note due one year after date, in the sum of $1,000, secured by a mortgage of the same date and conveying property unnecessary to describe herein. J. H. A. Baker, at the time this note and mortgage securing it were executed, was the duly qualified and acting administrator of the estate of Oda Luster, deceased. He was removed as such administrator and the plaintiff in this litigation, Mrs. Laura E. Parker, was appointed administratrix in succession.

Mary Burkett was the daughter of J. H. A. Baker, who failed or neglected to foreclose this mortgage and who was required to deliver the note and mortgage to the clerk of the court when he was removed and the clerk delivered and transferred said note and mortgage to the present plaintiff, the appellant here. In due time a de-

cree was entered for the amount of the accrued indebtedness and a sale of the mortgaged property was ordered by a commissioner appointed by the court. Pursuant to the said decree and orders of the court, the property was duly sold, note given for the payment of the amount bid for said property and ten days before the maturity said note was paid to the commissioner with accrued interest. About the time of the payment of the purchase money of this property so sold under the said decree of the court, and while the sale price was still in the hands of the commissioner, who had been ordered to make a sale and collect the money, the chancery court, without notice to the plaintiff and without motion of any party interested in said litigation, but upon petition of J. H. A. Baker and Mrs. Norma Faulkner, strangers to this litigation, ordered the commissioner in chancery to transfer this fund he had collected to the office of the clerk of the circuit court, where it should be held by the circuit clerk as a depository therefor, on account of a judgment pending in that court. The proceeding in the circuit court was a suit by the mother of Oda Luster, who was her sole heir at law, against J. H. A. Baker, J. M. Ball and E. G. Butler. Mrs. Luster had sued Baker as administrator and the sureties upon his bond, the bond being in the sum of $1,200, to recover the sum he had refused to pay over to her and had taken judgment in the circuit court.

On the day upon which the chancery court had ordered the fund transferred to the circuit court, the circuit court, being in session, made an order crediting the judgment in the circuit court with the amount of the fund transferred to the circuit clerk, and it is alleged that Mrs. Faulkner in that court paid over to the clerk of the circuit court the balance necessary to settle the circuit court judgment, including costs of both courts as then determined. All this was done without notice or knowledge of Mrs. Parker, the administratrix of the estate of Oda Luster, who had recovered the judgment and decree in the chancery court. Motions were filed by Mrs. Parker, or her counsel, to have the fund remitted to the chancery court for proper payment, or delivery to her in order that she might have the funds for settlement in the probate

court. The circuit court refused, as we understand, to make the order. The chancery court refused to rescind or cancel the order it had made. Appeal has been prayed by Mrs. Parker from these several orders so made by the chancery court and by the circuit court.

The first question to be determined is the power of the chancellor to make an order transferring funds under the circumstances to the circuit court. The foregoing statement, we think, shows that the chancery court had practically exhausted its jurisdiction in this matter, except in the matter of the control of the funds. It had entered a decree showing the indebtedness due Mrs. Parker as administratrix. It had foreclosed and ordered property sold in satisfaction of that indebtedness. The sale had been made and the money had been paid over to the commissioner and presumptively, though it is not certain, the sale of this land had been confirmed, otherwise the funds should have remained with the commissioner until it became certain that it would not have to be repaid to the purchaser upon some excuse or reason legally sufficient therefor. The owner of this property that had been sold was not in court making any complaint so far as this record discloses. The purchaser of the property had paid the money over and surrendered his claim to it, and the commissioner was the legal custodian of the fund to be paid over to Mrs. Parker, the rightful owner. The petitioners, who asked for the transfer of this property or fund to another court, were making no claim to it. The fund was not subject to the process of any of the proceedings taken. There was not even an attempt at equitable garnishment.

If the court's order was effectual to remove this fund and place it in the custody of the circuit court and divest the chancery court of the power to compel a settlement of the commissioner with Mrs. Parker, the administratrix, such authority or power has not been suggested by the citation of any statute or any decision, nor has it been argued that there is any such inherent power in the chancery court that it may divest itself of jurisdiction to enforce its own orders and decrees. We think the court

was wholly without power to make any order transferring or removing the fund from the jurisdiction of the chancery court and planting it in the jurisdiction of the circuit court, and that such order is wholly void, and it only remains for the commissioner to be ordered to pay the money over to the plaintiff who had decree therefor and that the commissioner must obey that order. The effect of the order of transfer was to modify or set aside decree in favor of plaintiff.

It is argued that by this proceeding the chancery court was attempting to administer the estates both of Ball and Oda Luster. Whatever merit there may or may not be in that contention, we think it sufficient to say that Mrs. Parker was the agent of the probate court, duly appointed as administratrix, empowered to act for that court to foreclose this lien; that when the fund is paid to her as it should be, she must account therefor to the probate court. The question is not raised, but we are seriously doubtful of the power of the chancery court to adjudicate the fee given to Mrs. Parker's attorney. This is a charge properly against the estate of Oda Luster, the propriety and amount of which most probably should always be determined by the probate court in proceedings such as these. Section 117, Pope's Digest; *Kenyon* v. *Gregory,* 127 Ark. 525, 192 S. W. 887.

There is one distinctive difference in the contention of the parties to this proceeding and that is that the sale price of this property, the amount of money collected by the commissioner should be credited on the judgment rendered in the circuit court against J. H. A. Baker and others who were defendants, and it is admitted, however, by the appellees in this proceeding that the cost that accrued may be deducted from the sale price of this property and only the balance credited thereon, and they say that has been done and that the fund now in the circuit court is the proper balance to be paid to the administratrix. That contention must assume, because it is formally, at least, a judicial determination, that all these costs and expenses had been paid. The contention, so made, however, tends only to show the confusion that may arise out of proceedings so irregular and so unwarranted by

law. If we assume that there has been a judicial determination of the amount of costs, that these have been paid, and that the balance now in the hands of the circuit clerk is the amount due Mrs. Parker, as administratrix, then we must also assume that she should charge herself with that amount and on proper order of the probate court pay the same over to the heir or heirs of Oda Luster, take proper receipts or vouchers therefor and be discharged. In other words, if she accept the fund from the circuit clerk, she must, perhaps, take it as affected by all court orders made concerning it. She might not be permitted to take this fund and pay her attorney's fee out of it, nor would she be permitted to take from it such funds as she may have advanced for court costs, all of which have presumptively been paid, whether in the probate court or the chancery court. This contention would be intolerable, as arising from judgments and orders made without notice and in violation of provisions of § 8194, Pope's Digest, nor do we think it fair to say that she must credit the judgment with the full amount of the sale price of this property. The judgment should be credited finally with the net amount of the sale price of this property after paying the actual expenses she may have incurred in the foreclosure of this mortgage, including court costs, attorney's fees and such actual or incidental expenses as may have been proper and as may properly be allowed by the probate court upon her settlement to be filed therewith. Whatever other expenses there may be of her administration, these will not be deducted from this amount to determine the proper credit upon the judgment of the circuit court.

It has been suggested, and we think it a proper illustration, that had Baker and his sureties paid over the judgment rendered in the circuit court, they might have taken the note and mortgage, foreclosed the same and used whatever they received as recoupment upon the said judgment so paid. Had they done this, they would have paid all expenses necessarily incurred in the foreclosure of the mortgage, including all court costs, and including a reasonable attorney's fee, the net amount in their hands, after such proceedings, would have been substan-

tially the amount for which they would get credit, after deduction of actual expenses in the matter of this foreclosure.

Our conclusion is that the order of the chancery court transferring this fund to the circuit court is void, and this finding will result in a settlement of the whole matter presented here on appeal, and the suggestions as to the credit and allowance upon the judgment in the circuit court are made to aid in the future disposal of issues presented and argued here. Facts were not available in the circuit court for the settlement of all these matters, nor did the circuit court have power to adjudicate any costs of the chancery court, nor of the probate court in this matter, since these questions concerning probate court costs have not reached that court by appeal.

The decree or order of the chancery court transferring the fund is, therefore, reversed with directions to order the commissioner to pay over to the administratrix the amount of money in his hands, less such costs as may have accrued in the chancery court and remain unpaid by defendant in the matter of the foreclosure and for such other proceedings as may be found to be proper, not inconsistent with this opinion.