QUINN v. DRIVER, EXECUTOR.

4-5789                                136 S. W. 2d 1015

Opinion delivered February 19, 1940.

*James G. Coston* and *J. T. Coston,* for appellant.

*E. S. Driver* and *S. W. Polk,* for appellee.

BAKER, J. Mrs. Mary E. Driver died on October 5, 1938. Her last will and testament was one that disposed of approximately $100,000 worth of property. Her son, Abner Driver, and her daughter, Virginia Driver Potter, were named as executors in the will, but Mrs. Potter did not qualify. Abner Driver presented the will for probate on notice and the will was duly probated on October 22, 1938, and on that date Abner Driver qualified as executor and letters testamentary were duly issued. After the executor had entered upon his duties as such, two of Mrs. Driver's children, Ida May Quinn, and Cooper Driver, and two grandchildren, Laura Johnson and Louise Pope, had themselves made parties and prayed an appeal from the order of probate of the will. They attempted to have the order of probate set aside and the will declared invalid for the reason of the alleged unsoundness of Mrs. Driver's mind and on account of undue influence. The executor filed pleas to said petition and defended the said suit contesting the will. The

suit terminated in a jury trial, with a verdict and resulting judgment sustaining the validity of the will.

The executor, immediately after having qualified as such, with approval of the court, employed E. S. Driver and S. W. Polk to represent him as executor in the administration of the estate. When the contest arose the probate court authorized the executor to employ counsel to assist S. W. Polk in representing the executor in defending the will, E. S. Driver having withdrawn for the reason that he had been attorney for the testatrix, and had aided in the preparation of the will. The executor employed Mr. W. F. Kirsch to assist Mr. Polk in representing the executor in defending the validity of the will. The order under which Mr. Kirsch was appointed was dated November 10, 1938. Immediately thereafter, the contestants, the appellants here, asked that the order permitting the executor to appoint counsel be set aside and this was done on November 28, 1938. The probate court held that the court could not properly approve employment of an attorney by the executor in making a defense to this attack, seeking to establish the invalidity of the will. From this last order made by the probate court the executor appealed to the circuit court where the case was tried by the judge, without the intervention of a jury, on May 29, 1939. The circuit court, after trial, entered a judgment reversing the order of the probate court made on the 28th day of November, 1938, which had set aside the order of November 10, 1938, and declared that the order of November 10, 1938, was proper and reinstated it, and that the last order, attempting to set it aside, was without force and effect. It is from this circuit court judgment that Mrs. Quinn, *et al.* have appealed.

Appellants say the sole issue upon this appeal is: "The question now before the court is whether or not the executor had the right to employ attorneys to defend the will in this fight between the heirs, . . ."

A few pertinent facts brought forward in a proper bill of exceptions should be stated as a part of the basis, at least, for the conclusions we have reached.

Abner Driver introduced the will of the testator by which each of the children and the two grandchildren were to receive certain specific tracts of land and small amounts of personal property. Practically all of the land was so disposed of, and there had been about $25,000 in advances made to the several children which was charged as a lien against the bequests or devises to those who had received these advances. There was an order made whereby all the land had been placed in the possession of the executor with directions to collect rents for the year 1939 therefrom. There was not sufficient personal property to pay the debts of the estate. It was also in evidence that a considerable portion of the land will have to be sold in order to pay the obligations of the estate. It is shown that claims allowed against the estate amounted to about $9,400. Other claims amounting to $1,300 were filed for probate and another for about $2,500, represented by a note of Walter Driver, which had been signed or indorsed by Mrs. Driver, the testator. We accept as part of the facts conclusions of the pleader to the effect that the will was somewhat technical and involved, having provisions with reference to disposition of the property and also special provisions with reference to portions of the estate devised to Cooper Driver and a requirement that the beneficiaries be required to make elections in certain matters concerning the disposal of properties in order that the necessity for partition might be precluded; and the will also declared liens on parts or portions devised to children for debts they owed her and which liens, it was provided, should be superior to judgment liens. Indeed, there appears to have been an anticipation that creditors of certain of the children might seize some of the property devised to them and so prevent the estate from recovering the debts claimed unless the conditions of the will should be enforced before delivery of possession of the several legacies and bequests.

The mere statement of the involved situation of this valuable estate appears to make necessary the employment of legal counsel provided such employment be au-

thorized by law. The particular portion of the statutes upon which both the appellants and the appellee rely for authority to establish their conflicting claims is § 117 of Pope's Digest. This section is part of the act 118 of March 3, 1913, p. 511. It is as follows:

"In all cases of administration of estates of deceased persons, and in the probate and executions of wills of deceased persons, and in all matters of guardianship of minors or insane persons, and in all cases where one person shall hold, or handle an estate or property in trust for another, or others, the executor, administrator, guardian, or other trustee may employ legal counsel, and the court having jurisdiction or control of the matter shall, in addition to the compensation allowed by law to such executor, administrator, guardian or other trustee, make a reasonable allowance for an attorney's or solicitor's fee, to be taxed and allowed as expenses for advice and services rendered in the management of the matters involved in such administration or other trust, and to be paid out of the trust fund."

The difficulty arising in this situation has been argued to the effect that the executor and his administration of the estate will not be hampered or in any wise be interfered with without regard to the decision in this contest of the will; that the debts of the estate would nevertheless have to be paid; that the executor would use such portion of the estate as was necessary for that purpose, and that the contest would terminate merely in a settlement of the controversy among the children and grandchildren—heirs of the testatrix. On account of this conclusion as stated by appellants, it is urged by them that since the litigation over the validity of the will was only a dispute among the heirs, the executor may not be regarded as a necessary party to the proceeding; that it is improper to reduce the value of the estate by paying attorney's fees for one set of the heirs as distinguished from another. We cannot agree with this conclusion. Such conclusion ignores one of the basic principles underlying the administration of estates. We frequently find administrators and executors re-

ferred to as legal representatives. The necessity for a legal representative arises out of the fact that when the owner of the property dies, all of the estate does not necessarily vest in the heirs. The decedent may have left debts equal to the value of the estate and creditors who will be protected before heirs may seize upon and dispose of the property that should be used to pay the debts, so the legal representative becomes a trustee who takes charge of the property and when he shall have been named as executor by the will itself, he may not sit idly by and permit some one to destroy the very warrant, power, and authority with which he is clothed. He stands in the place of the testator, holding the property under the will, and his defense against any attack is the assertion of the right of self-preservation; while, at the same time, the refusal to make such defense would be a breach of a legal duty. We think it unnecessary to cite authority. The provisions of a will, if not illegal, fix certain duties upon the executor, not imposed by the law of administration. The express desires and wishes of the testator are declared and it becomes the executor's duty under the will to enforce its several provisions. He is a trustee of an express trust. We think he is, therefore, a necessary party to any contest of the validity of the will, particularly, after he shall have qualified and received property into his custody or possession.

But the matter of employing counsel and paying fees is still another proposition properly to be determined by an interpretation of the foregoing statute. In *Kenyon, Executor,* v. *Gregory,* 127 Ark. 525, 192 S. W. 887, this court said: "Since the passage of this act, attorney's fees for services rendered in the administration of estates are placed in the same category as necessary expenses incurred in the course of administration by executors or administrators."

In the case of *Souter* v. *Fly,* 182 Ark. 791, 33 S. W. 2d 408, Dr. R. M. Fly was appointed administrator with the will annexed. A suit was filed by E. E. Smith and Sible Smith to recover the estate. They asserted the testator had agreed to will the entire estate to them in

consideration of their care and support of the testator during his lifetime. The administrator, through his attorney, defended the suit and in his final settlement he claimed credit for fees paid the attorney defending the estate. There was an exception to the allowance of this fee and the propriety of the allowance became the issue upon appeal. This court said: "It is insisted, however, that the court erred in making an additional allowance of $150 to the attorney defending the suit brought by E. E. Smith and Sible Smith. . . ." The conclusion of the court was "the administrator, with the will annexed, had the authority to employ an attorney to defend the will and he is entitled to have an allowance made to his attorney to be paid out of the estate for services upholding the will." Appellants argue that this case of *Souter* v. *Fly, supra,* is not authority in the present situation for the reason that it was not a controversy among heirs, but that it was a suit for specific performance of the alleged agreement by which the deceased was to convey certain lands to the plaintiffs. It is urged that the distinction between the cases is that the administrator was resisting an illegal demand and employed counsel to do it; that the instant case is only a controversy or "fight among the heirs," and that the executor has no interest in the result and is not a proper party. We think, however, that this argument ignores a controlling factor, present in both cases. In the case of *Souter* v. *Fly, supra,* if Mr. and Mrs. Smith had prevailed, necessarily all of the property would have been delivered over to them. By a successful assertion of their claim they would have taken out of the hands of the administrator all of the property. He resisted and established a defense to the suit, so in the case under consideration, if the appellants had prevailed by establishing the fact they alleged, that Mrs. Driver was of unsound mind and incapable of making a will, or that the will was void because she was unduly influenced, then the provisions of the will would have been defeated and the property would have passed into the hands of an administrator appointed by the court and would have been administered under the law

and not in accordance with the wishes and desires as expressed in the will by the testatrix.

Appellants insist that there is no express authority for the employment of counsel in a contest among the heirs, that since there is a statutory authority for the several matters mentioned in the section of the statutes above quoted, and the matter of contest is not expressly mentioned, but excluded therefrom by implication that under the established rules of statutory construction, it may not now be determined without a judicial extension of the provision of the statute that the executor may pay fees to attorneys employed to defend against an assault upon the will. We think the premise from which counsel draw their conclusions is much too narrow. The statute provides that fees may be allowed in the probate "and execution of wills of deceased persons." Of course, the probate is not had until the death of the testator and the word "execution" must necessarily mean in the connection in which it is used, the carrying out or performance of the conditions and provisions of the instrument.

So, if it be given that meaning, then there is express authority to employ counsel to render proper assistance to the executor in his efforts to abide by the provisions of the will and administer the property as directed therein.

Necessarily it follows that by the term "execution of the will" the executor must preserve the will in order that it may be executed as the testator has directed, and it certainly would be a vain thing to empower the executor to employ counsel to aid in the execution of the will and at the same time require him to stand clear of any attack made upon the will by some one interested in the property disposed of by it. It would make little difference whether the provisions of the will were defeated by an heir seizing all the property or whether a stranger to the will was permitted to do the same thing, by taking over the property, the subject-matter of the will. In either event the will would be of no effect when it might not control the disposition of testator's property.

Since the decision of *Kenyon* v. *Gregory,* and also of *Souter* v. *Fly, supra,* the same principle as announced in the cited cases has been followed with approval in the case of *Miller* v. *Oil City Iron Works,* 184 Ark. 900, 45 S. W. 2d 36, and we think that these decisions, construing this section of the statute, are authority to sustain the trial judge in this case. We refrain from a discussion based upon decisions of other jurisdictions for the reason that we think the entire controversy is controlled by the above statute, as construed by our own court independently of what other courts may have held. In truth, there may be a difference in the statutes or basic authority in other jurisdictions. Our own statute as construed by this court is sufficient to determine the one issue presented upon this appeal.

The circuit court was correct. Affirmed.