Sumrall et al. *v.* Sumrall et al.

R. A. SUMRALL et al., Administrators, &c. *vs.* M. J. SUMRALL et al.

The provision in the statute for the allowance by the probate judge of claims against estates of deceased persons, is only intended to justify a voluntary payment by the executor or administrator; but is not obligatory on him, for he might after such an allowance refuse to pay the same, and test its validity.

The allowance by the probate court of a claim of an executor or administrator who is 'a creditor of the estate, upon an *ex parte* application and proof, is not binding and conclusive upon the heirs or distributees; for if upon proof it shall appear to be unfounded or illegal, it is the duty of the probate court to reject and disallow it, although upon the mere *ex parte* application and proof of its validity it may have been examined and allowed.

In a case where there are several administrators of an estate, if the account of one of them as a creditor be allowed by the probate court, and on such allowance it shall be paid by his co-administrator, he will be protected in such voluntary payment to the same extent as a payment made to the other creditors of the estate.

Where an administrator's claim as a creditor has, on an *ex parte* application, been allowed by the probate court, and he presents his administration account for settlement, and claims therein as a creditor of the decedent, an opportunity before denied, should then be allowed to the distributees or creditors of the estate to contest its validity.

ON appeal from the probate court of Clarke county.

The facts of the case are contained in the opinion of the court.

*Potter*, for appellants.

*Wm. B. Trotter*, on the same side.

*D. C. Glenn*, for appellees.

Mr. Justice YERGER delivered the opinion of the court.

The plaintiffs in error presented their account as administrators, &c., of Moses Sumrall, deceased, for final settlement. Exceptions were taken to several items of the account, and the exceptions were sustained as to two items, and overruled as to the remainder. The items to which exceptions were sustained, were two credits claimed; one for " $500, paid R. A. Sumrall's

account," and the other for "$50, for contingent expenses which may occur." It is said the court erred in rejecting the credit of $500. No objection is taken to the rejection of the $50 item.

On the first day of May, 1848, Robert A. Sumrall, one of the administrators, presented to the probate court an account against the deceased for $500, "for services as an agent and superintendent from the year 1843 to the year 1847, inclusive, at one hundred dollars per annum." This account was proven by his own oath "to be just and true after all just credits are given," and on the same day the account was proven by the affidavit of Thomas Sumrall, who says that "on or about the 16th day of March, 1848, in a conversation which he had with Moses Sumrall, Sen., he acknowledged himself indebted to Robert A. Sumrall in the sum of $500, for services before that time rendered him." On this proof, the probate court allowed the same, in the following language: "Examined and allowed, and ordered to record May 1st, 1848."

It is contended that this order is final and conclusive, and that on final settlement of the account, the validity of the claim or the propriety of its allowance and payment cannot be questioned.

By the statute of this State "it is declared, that in no case shall an executor or administrator be allowed to retain for his own claim against the deceased, unless the same be passed by the orphans' court, and every such claim shall stand on equal footing with other claims of the same nature."

There is a provision in the statute for the allowance by the probate judge of claims against estates. That provision in the statute was only intended to justify a voluntary payment by the executor or administrator. It was not obligatory upon him, but he might after such an allowance have refused to pay the same, and contested its validity. The judgment or order of the court was not conclusive of the justice or legality of the demand. So in the case of an executor or administrator, who is also a creditor of the estate. An order or judgment of the court allowing the same on a mere *ex parte* application and proof, is not, in our opinion, binding and conclusive upon the

heirs or distributees. At the best, the order of allowance so made, can only be treated as *primâ facie* evidence that the claim is just and valid; and we have no doubt that when the administration account is presented for final settlement and allowance, it is entirely competent and proper for the parties interested in the estate to except to the item of account so allowed; and if upon proof on such final settlement, it shall appear to be an unfounded or illegal demand, it then becomes the duty of the probate court to reject and disallow it, although upon the mere *ex parte* application and proof of its validity, it may have been examined and allowed. Without such a construction of the statute, the grossest wrongs and injuries might be perpetrated by executors or administrators, under its provisions. Nothing, in fact, would be easier for them than the establishment of unjust claims to any extent upon *ex parte* applications to the probate court, and the rights of creditors and distributees be thus seriously compromitted and they left without redress, unless the privilege of contesting the claim is accorded to them when the account of the administrator is presented for allowance and settlement after notice to them, according to law.

If in the case of several administrators the account of one of them as a creditor should be examined and allowed by the probate court, and on such allowance it should be paid by his co-administrator, we think he would be protected in such voluntary payment to the same extent as a payment made to any other creditor of the estate. But when an administrator, whose account as a creditor upon an *ex parte* application has been allowed by the probate court, presents his administration account for settlement, and claims therein as a creditor of the decedent, we think every principle of equity and justice requires, that an opportunity, before denied, should then be allowed the distributees or creditors of the estate to contest the validity of the claim.

With this view of the law, we think the proof made on the hearing clearly sustained the judgment of the court in disallowing the credit of $500 claimed by the administrators.

Let the decree be affirmed.