BURKE vs. COOLIDGE et al., Ex'rs.

1. ADMINISTRATORS, ETC.: *Illegal expenditure disallowed, though authorized by probate court.*

  If an executor claim credit in his settlement with the probate court for an illegal expenditure, the court should reject it, although it may have previously approved the expenditure and authorized the executor to take credit for it.

2. CERTIORARI: *Improvidently issued.*

  A *certiorari* improvidently issued should be quashed.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer, Trieber,* for appellants.

*Tappan & Hornor, contra.*

Burke vs. Coolidge et al., Ex'rs.

HARRISON, J.   At the May term, 1875, of the probate court of Phillips county, Charles R. Coolidge and John J. Hornor, executors of the will of Henry P. Coolidge, deceased, presented a report of certain expenditures made by them for the benefit of their testator's estate, of which they asked the approval of the court.   The substance of the report was:   That they had, since the first day of January, 1874, and between then and the first day of May, 1875, expended in improvements upon, and in the management of, the plantation belonging to the estate known as the Coolidge—Polk place—$19,240.81, and in excess of the rents and profits of the same $16,345.46; the improvements consisting in the building of three tenements and certain other houses, particularly described; repairs to gin-house and other out-buildings; clearing land, ditching, leveeing, making fences, bridges, etc., the nature and extent of which was particularly stated; and they had paid to a person, whom they employed for the year 1874 to superintend the improvements, $800.

Upon this report and another the court made the following order:

"Now, on this day, come Charles R. Coolidge and John J. Hornor, executors of the last will and testament of H. P. Coolidge, deceased, and file a report, stating that in accordance with the expressed wish of the said Coolidge, in his lifetime, they had caused to be erected a monument in Evergreen cemetery over his remains, at a cost of fifty-eight hundred dollars; and also filed their report of the improvements made and the expenditures in working the plantation belonging to said estate, known as the Coolidge—Polk place—in Phillips county, which said report and the actions of said executors in and about said premises, and making said expenditures, are in all things approved; and

said executors are authorized to take credit for the same in their settlement account upon the filing of proper vouchers."

At the May term,. 1875, of the circuit court, Mary E. Burke—a devisee in the will, or claiming to be such—an infant, by F. N. Burke, her guardian, applied for a writ of *certiorari.* to remove the proceedings in relation to the expenditures on account of improvements on, and the management of, the plantation into that court, which was issued.

The circuit court, upon its return, quashed the *certiorari.* The said Mary E. Burke appealed.

1. ADMINIS-TRATOR, ETC Illegal expenditure disallowed, though authorized by probate court.

The effect of the order was not an allowance of a credit to the executors for the expenditures reported by them. Such a credit could only be given or allowed upon the confirmation of their annual account, and the account must show the credit.

The statute says :

" Every executor or administrator shall, at the first term of the court after one year from the date of his letters, and at the corresponding term of said court every year thereafter, until the administration be completed, present to such court a fair written statement, or account current, in which he shall charge himself with the whole amount of the estate, according to the sales-bill and appraisement, including all debts due the estate, and money on hand at the death of the deceased, and credit himself with all sums of money lawfully expended in settling such estate, either by the payment of debts or otherwise, exhibiting with such account the receipts and vouchers for all moneys paid out." *Gantt's Digest, sec. 121.*

Such account, without being acted on, is to be continued until the next term of the court, subject to the inspec-

tion and examination of all persons interested in the estate; and the clerk is required, immediately after the term at which it was presented, to give notice by advertisement in some newspaper printed in the county, if there be any, and if there be none, by advertisements set up at the court-house door, and in the office of the clerk, of the filing of the account for settlement and confirmation, calling on all persons interested in the settlement of the estate, to come forward and file exceptions to it, if they have any, on or before the second day of the next term, and notifying them if they do not, they will be barred from thereafter excepting to it.

Any person interested in the estate as heir, legatee, devisee, or creditor, is entitled to file exceptions to the account on or before the second day of the term after which it was presented, and the court is required to hear and determine them; and the account, if found incorrect, is to be restated, and the court, after allowing the executor or administrator all just credits, is to strike the balance and determine what sums remained on hand. *Ib., secs. 122, 126, 129, 131, 135.*

The order complained of related to a matter the court could not at that time take cognizance of or consider, and evidently was not intended as conclusive against the estate, and could not in the nature of the case be so, for unless the credit was claimed in the account and allowed upon the settlement, it could not have reduced the amount the settlement showed the executors to have in their hands, and with which they would have been charged.

It would certainly be competent, when the executors present an account and claim credit for the expenditures, for parties interested in the estate to except to the items, and if an unfounded or an illegal demand, it would be the

duty of the court, notwithstanding the order, to disallow and reject it. *Sumrall v. Sumrall, 24 Miss., 258.*

2. CERTIO-
RARI:
  Improv-
idently
issued,
quashed.

As the granting of the *certiorari* was in the discretion of the court, it was properly quashed, if, as it plainly was, improvidently issued.

Affirmed.