## WILKS v. SLAUGHTER.

1. ADMINISTRATORS: *Power to compromise debt.*

   Section 74 of Mansf. Dig., which provides that an administrator may in certain cases obtain authority from the Probate Court, to compromise debts due the estate of his intestate, does not take away his common law power to make such compromise, but relieves him of the burden of proving that he has acted judiciously.

2. PAYMENT: *Of part in satisfaction of whole debt.*

   The acceptance of a sum of money, less than a debt, from a third person, under an agreement with the debtor, discharges the debt.

APPEAL from *Lee* Circuit Court.

M. T. SANDERS, Judge.

*E. D. Robertson* for appellant.

1. A payment of part of a debt, even if release was admitted, is not a satisfaction of the whole. *5 Coke, 117; 33 Ark., 592.*

2. The administrator had no authority to compromise the debt, without order of court. *Mansf. Dig., sec. 74.*

COCKRILL, C. J. The plaintiff, Wilks, as administrator held the joint note of H. P. Slaughter and H. W. Cotter, as assets of his intestate's estate. He compromised with Slaughter

and agreed to release him from further liability upon the payment of his proportion of the debt.   He, as administrator, received a part of the amount agreed upon from Slaughter himself, and a part from a stranger under such circumstances as to justify the inference that it was received from him under the agreement to discharge Slaughter.   The administrator denied that he had made any arrangement looking to the release of Slaughter, but the jury upon conflicting evidence, found the issue against him, and the court rendered judgment in favor of Slaughter's executors, the appellees, in a proceeding to have the residue of the note probated against Slaughter's estate.   Wilks' administrator, has appealed, and urges (1) that there was no consideration for the release, and (2) that if there was, it was not binding upon him, because he had not previously obtained authority from the Probate Court to compound the debt.

The statute relied upon to sustain the second position, provides that whenever it shall be made to appear to the satisfaction of the Probate Court where the administration is pending, that a debt due the estate cannot be realized, the court may authorize the administrator to compromise upon such terms as it may direct.   *Mansf. Dig., sec. 74.*

1. ADMINISTRATORS: Power to compromise debt.

I.   Administrators had authority to compromise a claim or compound a debt before the statute was enacted.   The common law recognized the power, but attended it with the peril to the administrator of being charged with the amount released to the debtor, if through his bad faith or negligence he permitted the estate to be prejudiced; and the burden was upon him to show that he had acted judiciously.   But in the absence of collusion between the administrator and the debtor, or of fraud on the part of the latter such as would vitiate the contract, the compromise or compounding was binding upon each of the parties to it if executed upon a sufficient consideration, just as it would be if neither party was administrator.

*Chase v. Bradley, 26 Me., 531; Boyd's securities v. Oglesby, 23 Gratt., 674, 686–7; Bean v. Farnam, 6 Pick. (Mass.), 268.*

The statute, says PARKER, C. J., in Wyman's Appeal, 13 N. H., 18, in speaking of a provision similar to ours, "has provided a mode in which the administrator, by obtaining a previous authority from the Judge" [the court under the Arkansas statute], "may compromise with the debtor with perfect safety, and without being subject to expense in sustaining his acts. But the right to compromise which existed prior to the statute is not taken away. It may still be exercised as before, subject to the same limitations and risk." And this is the effect given to such legislation in other jurisdictions. *3 William's Exrs. and Admrs., 1900, 1901, and notes; Schouler Exrs. and Admrs., sec. 387, and note; Chouteau v. Suydam, 21 N. Y., 179; Wood v. Tunnicliff, 74 id., 38; Childs v. Updyke, 9 Ohio St., 333; Moore's admr. v. O'Brannin, 14 id., 177; Chadbourn v. Chadbourn, 9 Allen (Mass.), 173; Chase v. Bradley, sup.; Boyd's sureties v. Oglesby, sup.; Woolforke, admr., v. Sullivan, 23 Ala., 548.*

It has been ruled by this court, that the provisions of the statute in reference to arbitrations and awards did not abrogate the common law upon the subject (*Wilkes v. Cotter, 28 Ark., 519; Collins v. Karatopsky, 36 id., 316; Harris v. Hanie, 37 id., 348*), and we can see no better reason for supposing that any alteration of the rule of the common law was intended by the provision relied upon by the appellant.

"A statute shall not be taken in derogation of the common law unless the act itself shows such to have been the intention and object of the Legislature." *Gray v. Nations, 1 Ark., 557; State v. Pierson, 44 id., 265; Chadbourn v. Chadbourn, supra.*

II. As money was accepted from a third person under the agreement to discharge the debtor, the payment of the smaller sum in satisfaction of the whole, discharged the debt. *Gordon*

2. PAYMENT: Of part, in satisfaction of whole debt.

*v. Moore, 44 Ark., 349; Pettigrew Mach. Co. v. Harmon, 45 id.. 290.*

Let the judgment be affirmed.