NASHVILLE LUMBER COMPANY *v.* BAREFIELD.

Opinion delivered January 10, 1910.

1. GUARDIAN AND WARD—POWER OF GUARDIAN TO MAKE COMPROMISE.—Both at common law and under Kirby's Digest, § 3823, a guardian is authorized to compromise a claim for personal property, provided the compromise is made in good faith and not in fraud of the minor's rights. (Page 356.)

2. INFANCY—AUTHORITY OF COURT TO REMOVE NEXT FRIEND.—As it is the duty of the circuit court to protect an infant plaintiff in the progress of a cause, it has the discretion to revoke the authority of a next friend and to substitute another person as next friend. (Page 359.)

3. DOWER—WASTE.—A widow has no right to cut trees growing upon the dower land or to allow them to be cut, except in so far as it might be necessary to the proper enjoyment of the life estate in conformity with good husbandry. (Page 359.)

4. REPLEVIN—DAMAGES.—Where, in replevin for property wilfully or wrongfully taken or detained, the wrongdoer has, since the taking or detention, expended money or labor in increasing the value of the property, he is not entitled to have any deduction for the money or labor so expended, in assessing the value of the property for the purpose of the alternative judgment; but if the possessor of the property acted in good faith in obtaining same and in expending money or labor on it, so that the value of the property as compared to the value of the labor expended on it in its converted form is insignificant, the owner can recover only the value of the property less the increased value put upon it by the labor and expenditure. (Page 360.)

5. SAME—CONFUSION OF GOODS.—Where the identity of a specific article is lost by the wrongful act of another in commingling the property

with his own of the same nature and character, the owner can recover by replevin from the mass a quantity equal to the amount which he owned, without identifying each particular item as his original property. (Page 361.)

6. SAME—CONFUSION OF GOODS—EVIDENCE.—The plaintiff in a replevin suit may show by circumstances that the defendant has taken his property and so commingled it with the property of the defendant in the mass of the same nature and character, and also trace the possession thereof to the defendant. (Page 361.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

*Sain & Sain,* for appellant.

It is error for the court to substitute for the statutory guardian some other person as next friend to represent a minor. 31 Ark. 58; *Id.* 229. It is the duty of the statutory guardian to represent his ward in all suits. Kirby's Dig., § 6023; 42 Ark. 222. The record showing the minor's disabilities had been removed by the court was conclusive on collateral attack. Both the Phoenix Lumber Company and M. E. Johnson were necessary parties to the proper determination of this controversy. Kirby's Dig., § 6006; 37 Ark. 517; 35 Ark. 363; 39 Ark. 70; 38 Ark. 584; 61 Ark. 189.

*W. P. Feazel,* for appellee.

The court has the power to substitute for the guardian of a minor a next friend to bring suit or to represent a minor in a suit. Kirby's Dig., § 6021. The guardian had no authority to compromise the suit with the concurring sanction of the court. Rogers on Dom. Rel., § 859; 70 Ark. 87. The court had no authority to remove the disabilities of the minor, because the minor resided in another county. 54 Ark. 627. A life tenant has no right to cut trees growing upon land, except so far as may be necessary to the proper enjoyment of her life estate in conformity to good husbandry. 63 Ark. 10; 43 W. Va. 562; 64 Am. St. R. 891.

*Sain & Sain* and *T. D. Crawford,* in reply.

In the absence of statutory restraint or bad faith, a guardian may compromise, settle, or release claims due to his ward, and the ward is bound thereby. 99 Ky. 504; 152 U. S. 303; 112 U. S. 475; 111 Ga. 743; 44 N. J. L. 67; 35 S. W. 1039. And courts will enforce such settlement. 34 N. Y. 578; 58 N. Y. 185.

FRAUENTHAL, J.    This was an action in replevin to recover
the possession of a lot of lumber and logs or their value.   The
plaintiffs below were C. H. Barefield, Kate E. Barefield and Ed
Barefield, a minor, who sued by his next friend, C. H. Bare-
field.   They alleged that they were the owners of certain lands
in Howard County, Arkansas, and that the defendant, the Nash-
ville Lumber Company, had wilfully entered upon said land, and,
knowing that the land was owned by plaintiffs, had cut and re-
moved the timber therefrom and converted same into said lumber
and logs.   The land had been owned by the father of the plain-
tiffs, who had died intestate a number of years before the insti-
tution of this suit.   He left surviving him the plaintiffs as his
only heirs, and his widow, who was the mother of plaintiffs.   The
land had been assigned to the widow, M. E. Barefield, as dower
by the probate court, and she had sold and conveyed the timber
thereon; and the defendant had by mesne conveyances obtained
the same from her grantee.   After the institution of this suit,
and before the trial thereof, the defendant made a settlement and
compromise of the said claim of the plaintiffs upon which the
action was founded and of said suit by paying to the adult plain-
tiffs and to M. E. Barefield as the statutory guardian of said
minor plaintiff the sum of $325; and the adult plaintiffs and said
guardian of said minor executed to defendant a receipt in
which they accepted said sum in full and final payment of all the
said claims of all the plaintiffs against defendant and of said suit.
The defendant filed a motion, asking that the action be dis-
missed upon the ground that the matters therein involved had
been settled, and that the plaintiffs did not desire to prosecute
the same further.   Upon the hearing of this motion the circuit
court sustained the same as to the adult plaintiffs, but overruled
it as to the minor plaintiff.   It thereupon discharged said C. H.
Barefield as the next friend of said minor plaintiff, and ap-
pointed one T. H. Kent in his stead; and the cause then pro-
ceeded with said minor as the sole plaintiff.   The defendant then
filed its answer, in which it denied the material allegations of the
complaint.   It alleged that it had obtained the timber through
said M. E. Barefield, and that it had removed same under the
honest belief that it was the owner thereof.   It also alleged as a

defense the compromise and settlement of the claim and cause of action by the guardian of the minor plaintiff.

Upon the trial of the case the defendant offered to prove by M. E. Barefield that she was the statutory guardian of the plaintiff, Ed Barefield, and that as such guardian she had made a settlement with the defendant by which she had compromised the claim and suit of said minor plaintiff against the defendant and had received full payment thereof.

The court refused to permit the introduction of said testimony, and also refused to permit the introduction of the testimony of other witnesses to show said alleged compromise and settlement of the claim and suit by the guardian of said minor plaintiff. Amongst other instructions on behalf of the plaintiff it gave the following:

"No. 6. Under the laws of this State, a guardian cannot agree to any compromise or settlement by which the property interests of his ward are affected without concurring sanction of the court, to which he must look for authority to bind his ward; so in this case, there being no evidence that the attempted compromise or settlement was made under authority of the court, you will disregard the compromise entirely in the consideration of the case."

The jury returned a verdict in favor of the plaintiff Ed Barefield for his proportionate amount of the lumber and logs, stating the amount in feet, and assessing the value thereof at the increased value of lumber and logs respectively. A judgment was then entered in favor of the plaintiff for a recovery of the lumber and logs or their respective values as fixed by the jury.

1. The first question to be determined upon this appeal is whether or not a guardian has the authority to agree to a compromise and settlement of a disputed claim of a minor, such as is involved in this case, without the order or concurring sanction of the court from which he received his appointment. The claim that is involved in this case is for the recovery of personal property, and in this State there is no statute restricting the power of a guardian over the control and disposition of the personal property or choses in action belonging to the minor. At common law the guardian had large authority over the personal assets of his ward, and he had the power to sell and transfer them

to persons who dealt with him honestly and in good faith. To make such sale binding and effective, it was not necessary to obtain the order or sanction of the court where he acted fairly and justly; and he had the power, with respect to choses in action coming into his hands, to make such settlements thereof as the circumstances might render proper, and which within his sound discretion he deemed best, if he acted honestly and in good faith in making such settlements. *Field* v. *Schieffelin,* 7 Johns. Ch. 150; *Bank of Virginia* v. *Craig,* 6 Leigh 428; *Mason* v. *Buchanan,* 62 Ala. 110.

According to common law, Mr. Schouler, in his work on Domestic Relations, says, a guardian "may compromise a claim of his ward, when acting in good faith and with sound discretion." Schouler on Domestic Relations, § 343; 21 Cyc. 74.

In the case of *Maclay* v. *Equitable Life Assurance Society,* 152 U. S. 498, Mr. Justice Gray, speaking for the court, says: "A guardian, unless his powers in this regard are restricted by statute, is authorized, by virtue of his office, and without any order of court, to sell his ward's personal property and reinvest the proceeds and to collect or compromise and release debts due to the ward, subject to the liability to be called to account in the proper court if he has acted without due regard to the ward's interest."

In the case of *Ordinary* v. *Dean,* 44 N. J. L. 64, in speaking of the power of a guardian in this respect, it is said: "He stands in the same position as any other trustee, who may generally, acting in good faith, compound and release a debt due the trust estate; and such composition or release for a valuable consideration is *prima facie* valid and effective." If the compromise or release is made without sufficient justification or fraudulently or upon a grossly inadequate consideration, the guardian will be answerable for it in his accounts; and such compromise can be impeached upon the trial of the action in which it is presented as a defense by showing that it was not made in good faith, but in fraud of his rights. *Torry* v. *Black,* 58 N. Y. 185; *Weston* v. *Stuart,* 11 Me. 326; *Manion Ry. etc.* v. *Ohio Valley Rd. Co.,* 99 Ky. 504.

In the case of *Mason* v. *Buchanan,* 62 Ala. 110, it is said that a guardian has the same powers as an executor or adminis-

trator with respect to choses in action coming into his hands, and that his authority to deal with the personal assets of the ward is equally as large as those of an executor or administrator. And in this State, where there is no statutory restriction, he has equally that power. In the case of *Wilks* v. *Slaughter,* 49 Ark. 235, Chief Justice COCKRILL, speaking for the court, says: "Administrators had authority to compromise a claim or compound a debt before the statute was enacted. The common law recognized the power. * * * In the absence of collusion between the administrator and the debtor or of fraud of the latter such as would vitiate the contract, the compromise or compounding was binding upon each of the parties to it if executed upon a sufficient consideration, just as if it would be if neither party was administrator." And in that case it was held that the right of the administrator to compromise the debt due to the estate, which existed prior to the statute which provides that an administrator may in certain cases obtain authority from the probate court to compromise debts due to the estate (Mansf. Dig. § 74), was not taken away.

The case of *Rankin* v. *Schofield,* 70 Ark. 83, is not in conflict with the holding that a guardian has the power to sell the personal property of his ward and to compromise and compound debts that are due to him without obtaining the order and authority from the court to do so. In that case the real property of the minor was involved, and the compromise affected the interest of the minor in real estate. The guardian is restricted by the statutes of this State from selling the lands of his ward, or from compromising his interests therein. The statutes of this State specifically provide that all such sales and actions must be had and done under the orders of the probate court. But there is no such restriction by the statutes of this State on the authority of the guardian relative to the personal property and choses in action of his ward. On the contrary, it is provided by section 3823 of Kirby's Digest: "Discharges, acquittances and receipts given by guardians and curators during the continuance of their respective offices for debts, rents or other money or property due to their wards shall be valid in favor of all persons who take them in good faith; but guardians and curators and their securities shall be liable to the party injured if such dis-

charges, acquittances and receipts shall be given illegally or fraud-
ulently." It follows therefore that if the compromise of the
claim of the ward involved in this case was made honestly and in
good faith, and not for a grossly inadequate consideration or in
fraud of the rights of the minor, it would be binding on him,
and would protect the defendant. The court therefore erred in
refusing to permit the introduction of testimony relative to said
alleged compromise and settlement of said claim, and in giving
said instruction number 6 on behalf of the plaintiff.

2. Inasmuch as this cause must be remanded for a new
trial, we deem it proper to note the other questions that are pre-
sented upon this appeal. It is urged by the counsel for de-
fendant that the court erred in removing the next friend by
whom this suit was originally brought for the minor and in sub-
stituting another person as next friend. It is the duty of the
court to protect the infant fully in the progress of the cause and
to see that he is not prejudiced in the trial by any act or omission
of the person by whom the suit is brought. The next friend of
the minor is at all times subject to the control of the court, and
the court may at its discretion revoke the authority of the next
friend to represent him in the cause and to substitute another
person as next friend whenever the court in its discretion may
think that the infant might otherwise suffer. This is specifically
provided for by section 6021 of Kirby's Digest. 14 Encyclopedia
of Pleading & Prac., 1041.

In the trial of the case a number of instructions were given
at the request of the plaintiff, and a number were refused which
were asked for by the defendant. In its ruling upon these in-
structions we do not think that any error was committed by the
lower court. The plaintiff claimed title to the land and the tim-
ber thereon, which was cut and removed by the defendant, by in-
heritance from his father; and the defendant claimed a right
thereto through the widow of said decedent. The land upon
which the timber stood had been assigned to the widow as dower.
She was therefore only a life tenant of the land. It is the duty
of the life tenant to protect the land from injury to the freehold,
and not to commit waste. The "life tenant has no right to cut
trees growing upon land or to allow them to be cut, except so
far as it might be necessary to the proper enjoyment of the life

estate in conformity with good husbandry, so as not to materially lessen the value of the inheritance." *McLeod* v. *Dial,* 63 Ark. 10.

The widow has no right to make a sale of the standing timber on the land set apart to her as dower when the same is not essential to the legitimate use of the property for the purposes of husbandry. *Parker* v. *Chambliss,* 12 Ga. 235; 1 Tiedeman on Real Property, § 75; 1 Washburn on Real Property, § 270; *Cherokee Const. Co.* v.. *Harris,* 92 Ark. 260.

In this case, therefore, the widow had no right to sell the standing timber on this land in which she had a life estate, and the defendant acquired no title thereto by reason of any conveyance from her. The evidence tended to prove that before the defendant purchased this timber it knew of the rights of the plaintiff thereto and the entire lack of right or authority of the widow to sell same. It further tended to prove that the defendant was not innocently and in good faith claiming to own the timber when it cut and removed it, but was a wilful trespasser in so doing. Where, in replevin for property wilfully and wrongfully taken or detained, the wrongdoer has since such taking or detention expended money or labor in increasing the value of the property, he is not entitled to have any deduction for the money or labor so expended, in assessing the value for the purpose of the alternative judgment. But if the possessor of the property did act innocently and in good faith in obtaining the same, and has expended money and labor upon it in good faith, so that the value of the property as compared to the value of the labor expended on it in its converted form is insignificant, the owner can recover only the value of the property less the increased value put upon it by the labor and expenditure. *McKinnis* v. *Little Rock, Mississippi River & Texas Ry.,* 44 Ark. 210; *Stotts* v. *Brookfield,* 55 Ark. 307; *Eaton* v. *Langley,* 65 Ark. 448; *Central Coal & Coke Co.* v. *John Henry Shoe Co.,* 69 Ark. 302; *United States* v. *Flint Lumber Co.,* 87 Ark. 80.

The instructions given by the court relative to assessing the value of the lumber and logs for the purpose of the alternative judgment, in effect, followed the above principles, and the defendant was not prejudiced by the giving of said instructions. A number of instructions relative to this same question were requested by defendant, but they were fully covered by the instructions on that point given by the court.

The evidence tended to prove that the defendant commingled the lumber and logs involved in this suit with other lumber and logs of its own of like grade and quality. Where the identity of the specific article is lost by the wrongful act of another in commingling the property with his own of the same nature and character, the owner can recover by replevin from the mass a quantity equal to the amount he owned, without identifying each particular item as his original property. *Rust Land & Lumber Co.* v. *Isom,* 70 Ark. 99.

And the plaintiff may show by facts and circumstances that the defendant has taken his property and so commingled it with the property of the defendant in the mass of the same nature and character, and by facts and circumstances trace the possession thereof to the defendant. The court substantially instructed the jury to this effect. We do not deem it necessary to refer to the other instructions or to set out any of them in detail. The plaintiff claimed to be the owner of the land and the timber thereon which is involved in this suit. The defendant cut and removed said timber from said land, and converted same into lumber and logs, and the plaintiff seeks to recover said lumber and logs or their value. The above principles sufficiently define their rights under the evidence adduced upon the trial, and will be a sufficient guide on the further trial of the case.

We have examined into the matters relative to the motion to strike out certain portions of the complaint, the demurrer thereto and the offer to introduce in evidence the alleged order removing the disabilities of the minor, and we do not find that the lower court committed any reversible error in its rulings thereon. We do not think that it would serve any useful purpose to discuss these questions in detail. The above principles sufficiently define the rights of the plaintiffs in this action and any meritorious defense that the defendant may have thereto.

The only reversible errors which we find in the case are the refusal of the court to permit the introduction of testimony relative to the alleged compromise of the suit and claim herein involved by the guardian of the minor, and the giving of said instruction number 6 on behalf of the plaintiff.

On account of said errors the judgment is reversed, and the cause remanded for a new trial.