BOYD *v.* DUNCAN.

Opinion delivered January 7, 1929.

*J. C. & Wm. J. Clark,* for appellant.

*George F. Hartje,* for appellee.

HUMPHREYS, J. The only question involved on this appeal is whether the probate court of Faulkner County had authority, under § 71 of Crawford & Moses' Digest, to order appellee, who was the duly appointed administrator of the estate of W. P. Ledrick, deceased, to loan $2,655.69 belonging to said estate, on January 19, 1927. Section 71 of Crawford & Moses' Digest is as follows:

"If, on the return day of an inventory, or at any other time, it shall appear to the satisfaction of the court that there is a surplus of money in the hands of an executor or administrator that will not shortly be required for the expenses of administration or the payment of debts, such court shall have discretionary power

to order the executor or administrator to lend out such money on such time and on such security as may be approved by the court.''

Appellee was appointed administrator of the estate on October 10, 1924, and filed his first account current over three years after his appointment, showing a balance on hand in cash of $3,989.04, after paying the debts and expenses of said administration. On January 19, 1927, he applied to the probate court for permission to lend $2,655.69, the balance remaining in his hands after advancing certain of the heirs $1,333.33. The court ordered him to lend the money, and approved the loans, and no appeal was taken from either order, and the time for appeal has expired. On February 19, 1928, the heirs filed a petition in the probate court to require appellee to make a final settlement and distribution of the estate. In response to a citation he filed a report showing a debit of $3,989.02, the amount he charged himself with in his last annual settlement, and credits for advances made to the heirs of $1,333.33, leaving a balance undistributed of $2,655.69, which amount he had loaned to certain persons, naming them, upon notes and personal security which had theretofore been approved by the court, stating that he had been unable to collect the notes, and requesting he be given until December 15, 1928, to collect same and make final settlement. Before any action was taken by the court upon the petition for final settlement and distribution and appellee's response thereto, appellee filed an amendment to his response, setting out the orders made by the court in 1927, authorizing him to lend the money, and the court's approval of the loans after being made, with a prayer on his part that he be given credit for the notes and allowed to turn them over to the heirs in final settlement, and that he and his bondsmen be discharged. The heirs excepted to these responses upon several grounds, one being that the probate court was without jurisdiction to order the loans made after the debts and expenses of the administration had been paid.

Under our view of the case it is unnecessary to set out the other exceptions to the responses.

Appellee then filed a motion to dismiss the exceptions of the heirs to his responses, upon the ground that the orders made by the probate court to lend the money became final upon the adjournment of the terms of court at which the orders were made, and, not having been appealed from, were not subject to attack in the probate court. The probate court sustained the motion of appellee to dismiss the exceptions to his responses, from which an appeal was prosecuted to the circuit court. The circuit court affirmed the judgment of the probate court, from which is this appeal.

As stated in the beginning of this opinion, the question of the authority of the probate court to order appellee to lend the money depends upon the construction of § 71 of Crawford & Moses' Digest.

By reference to that section, which has been set out verbatim in this opinion, it is apparent that no authority was conferred by it upon the probate court to order an administrator to lend money ready for distribution after all debts and expenses of the administration have been paid. It only confers authority upon the probate court to order an administrator to lend any surplus money in his hands that will not shortly be required for expenses of the administration and for the payment of debts. It appears from the pleadings in the instant case that the time had expired for creditors to present claims, and all the debts had been paid, leaving a net balance in the hands of appellee of $2,655.69 at the time he applied to the court for the order to lend the money. This net balance clearly belonged to the heirs, and was ready for distribution to them at the time the loans were ordered and approved. We find nothing in the section of the statute referred to authorizing the lending of money belonging to an estate after the time for distribution to the heirs by an administrator. The lending of money which should have been distributed to the heirs was an illegal expenditure. This court is committed to the doc-

trine that a probate court has jurisdiction to disallow credits claimed by administrators for unlawful expenditures made by them, even though ordered to be made by the court. This doctrine was announced in the case of *Burke* v. *Coolidge,* 35 Ark. 180, and governs the instant case.

On account of the refusal of the court to entertain the exceptions filed by appellants to the final account filed by appellee, the judgment is reversed, and cause remanded.