4-4459

Opinion delivered December 7, 1936.

G. B. *Segraves, Jr.,* and *G. B. Segraves,* for appellant.

S. L. *Gladish* and *A. W. Young,* for appellee.

Butler, J. J. R. Bowen, in his lifetime, was the owner of a farm in Mississippi county, and, having been adjudged an incompetent, the management of his affairs was entrusted to a guardian who leased the farm to the appellant, Alvin Wunderlich, and S. P. Scott for a period of five years beginning January 1, 1931, and ending December 31, 1935. The farm was under a mortgage to a loan company for $7,000, payable at $500 per year principal and interest payable annually. Under the terms of the lease contract, appellant was to pay as rent for each year the $500 principal payment on the mortgage,

the annual interest on the same, the taxes assessed against the farm as the same became due and insurance on improvements.

The lease contract provided that the same should remain in full force for the time specified if the lessee promptly made the payments specified, but, if default should be made, the lessor was given the right to immediate entry on the demised premises and the contract should become null and void; that the lessor should be "entitled to take charge and collect off of, and from, said second parties (lessees) for the year in default, rent in a sum equal to the amount of the fixed charges against said lands for said year, and the landlord's lien shall at all times be in full force and effect for that purpose."

J. R. Bowen died in 1931 and the appellee was appointed administrator of his estate. The items named in the lease contract were paid by appellant for the year 1931, but in January of 1932, he informed the appellee that he could not continue to farm the lands unless the annual rent was reduced by the amount of the principal payment of $500. Thereafter the appellant paid all the fixed charges against the farm as provided for in the lease contract except the sum of $500 per annum. At the end of the period for which the farm was demised, appellee brought an action to recover the sum of $1,500 from the appellant under the rent contract for the years 1933, 1934, and 1935. It was the contention of the appellee that he had remitted the $500 item for the year 1932 only, being thereunto duly authorized by the order of the probate court made in June, 1932. It is contended on behalf of the appellant that the $500 item was remitted for the entire remainder of the duration of the lease. This was the only issue of fact presented to the trial court sitting as a jury.

The evidence was in conflict and the trial court, after having considered the same, found that the administrator did in fact eliminate the $500 item for the years 1933, 1934, and 1935, as well as for the year 1932. The evidence amply justified this finding. The court declared as a matter of law that the administrator had no authority to

make the agreement and compromise except as to the year 1932, and that his action in doing so was void and of no effect. Judgment was accordingly rendered against the appellant for the sum of $1,500 sued for.

The sole question on appeal relates to the correctness of the trial court's declaration of law. Appellee argues that there was no attempt made by the administrator to compromise the debt due the estate, but an alteration of the contract for the rental of lands. It is true, the effect of the agreement of the administrator was to alter the lease contract, but this alteration amounted to no more than a compromise of the sums due the estate under said contract. We do not agree with the construction of the lease contract made by appellee, but think that a reasonable interpretation of its terms is that it was terminated whenever default was made in the payment of all or any of the items mentioned therein, and the extent of the lessor's recovery would be for a rent equal in amount to the sum of the items in default for the year in which such default was made.

If, then, the effect of the administrator's agreement was the compromise of an indebtedness, either matured or to become due in the future, the rule declared in *Wilks* v. *Slaughter,* 49 Ark. 235, 4 S. W. 766, cited by appellant, is the applicable law. In that case the court said: ''Section 74 of Mansfield's Digest (122 Crawford & Moses' Digest), which provides that an administrator may in certain cases obtain authority from the probate court, to compromise debts due the estate of his intestate, does not take away his common-law power to make such compromise, but relieves him of the burden of proving that he has acted judiciously.'' This rule has been reannounced and adhered to in all our subsequent cases relating to the subject, among the latest of which is the recent case of *Moss* v. *Moose,* 184 Ark. 798, 44 S. W. (2d) 825, in which the previous cases so holding are cited with approval.

Under the doctrine of these cases, the trial court erred in its declaration of law and its judgment based thereon. The judgment is accordingly reversed, and the cause dismissed.